# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

JIMMY FINLEY, SR.                                                    PLAINTIFF

VS.                          CASE NO. 05-5029

JOHN FRY                                                            DEFENDANT

### O R D E R

Now on this 4th day of May, 2006, comes on for consideration defendant's **Motion For Judgment Notwithstanding The Verdict Or In The Alternative For Remittitur** (document #14), and from said motion, and the response thereto, the Court finds and orders as follows:

1.    Plaintiff, Jimmy Finley, Sr. ("Finley") brought suit against defendant John Fry ("Fry"), alleging that Fry violated his Fourth Amendment right to be free from unlawful searches when Fry searched Finley's motel room without a warrant, without consent, and without probable cause.

At trial, the jury returned a verdict in favor of Finley, awarding him $10,000 in compensatory damages and $5,000 in punitive damages.  Fry contends that these awards are not supported by the evidence and that they are excessive.  He asked that the judgment be vacated, and judgment entered in favor of himself, or, alternatively, that the Court order a remittitur.

2.    A motion for judgment notwithstanding the verdict is treated as a motion for judgment as a matter of law under **F.R.C.P. 50.  Douglas County Bank & Trust Co. v. United Financial Inc.**, **207 F.3d 473 (8th Cir. 2000)**. That rule provides, in relevant part, that

> [i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary

basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

When evaluating such a motion, the evidence is viewed in the light most favorable to the prevailing party, and the Court cannot weigh or evaluate it, or make credibility determinations. **<u>Douglas County Bank</u>, 207 F.3d at 477.**

3.    In the case at bar, the only evidence was the testimony of the two parties.  Given the jury verdict, it is clear that the jury believed Finley rather than Fry.

Finley testified that Fry came to his motel room in the middle of the night, after having arrested Finley's son.  Fry's purpose was to take Finley to pick up Finley's son's vehicle and drive it back to the motel, so that it would not have to be impounded.  Fry spoke with Finley at the door of the room, asking several time where "the gun" was.  Fry then entered the room without a warrant, consent, or probable cause, and conducted a search of the bathroom and of Finley's luggage.  Finding nothing of interest to him, he then waited while Finley dressed, and drove Finley to pick up the vehicle.

To establish a right to compensatory damages, Finley had to prove that an unconstitutional search of his motel room occurred. The evidence recited above is clearly sufficient for that purpose. Under ordinary circumstances, the Fourth Amendment requires that before a person's home or living quarters (including a motel room he has rented) can be searched, a search warrant must be obtained from

a judicial officer. **Hoffa v. U.S.**, **385 U.S. 293 (1966)**. While there are exceptions to the warrant requirement, none was shown in this case.

The Court believes that Finley's testimony also made out a case for punitive damages, which required a showing of reckless or callous indifference to Finley's Fourth Amendment rights. See, e.g., **Coleman v. Rahija**, **114 F.3d 778 (8th Cir. 1997)**. The evidence showed that Fry, a trained police officer, went to Finley's room for the sole purpose of taking Finley to pick up his son's vehicle. Fry had no reason to suspect Finley of criminal conduct. While Fry contended that he was worried that Finley might have a gun, and he needed to check that out before he took Finley riding in his car, the mere supposition that Finley might have a gun in his bathroom or in his luggage would not justify the search. Finley was in bed asleep when Fry came to his room, and Fry had his eye on Finley the whole time before they departed. Finley testified that Fry even watched him dress. Under those circumstances, the jury could find that Fry had no legitimate belief that Finley had a gun on his person when he left the room. A gun left behind in the motel room would not justify Fry's concerns. Yet Fry searched the room anyway. The jury could well have desired to "send a message" that the community would not tolerate overreaching by a police officer to search private quarters at will.

For these reasons, the Court finds that judgment as a matter of law in favor of defendant is not appropriate in this case.

4. Fry alternatively moves for remittitur, claiming that the

damages awards were excessive.

Turning first to the size of the compensatory damages award, the rule is that remittitur should only be ordered if the size of the verdict is "so excessive as to shock the conscience." **Kucia v. Southeast Arkansas Community Action Corp.**, **284 F.3d 944 (8th Cir. 2002).**

A review of Finley's testimony reflects that he did not testify as to any physical, financial, or emotional injury that he sustained as a result of the search. While the violation of Finley's rights was supported by the evidence, actual damages were not. In such a situation, an award of nominal damages would be appropriate, **Corpus v. Bennett**, **430 F.3d 912 (8th Cir. 2005),** but an award of $10,000 is excessive.

5. With regard to punitive damages, there are three guideposts to use in determining if remittitur should be ordered:

* the degree of reprehensibility of Fry's conduct;

* the ratio between the compensatory and punitive awards; and

* the difference between the punitive award and civil penalties in comparable cases.

**Boerner v. Brown & Williamson Tobacco Co.**, **394 F.3d 594 (8th Cir. 2005).**

Fry's conduct was certainly reprehensible. He searched Finley's motel room, in the absence of any legitimate reason to do so, without a warrant and without consent. He had no reason to violate Finley's right to be free from unreasonable search, and

given that he is a trained law enforcement officer, he knew or should have known that his conduct was not constitutional.

In addition, the punitive damages are only half the amount that the jury believed was appropriate to compensate Finley for the violation of his Fourth Amendment rights.  Compensatory/punitive damages awards in much higher ratios have been approved as reasonable.  Nor does the fact that the Court has determined that the compensatory damages award must be reduced to a nominal amount make the punitive damages award unreasonable.  Higher ratios between punitive and compensatory damages are justified when an injury is hard to detect, or where an egregious act results in only small economic damages.  **Boerner***, id.*  Punitive damages are recoverable where only nominal compensatory damages are recovered, and the "ratio" argument is harder to implement in such cases:

> As to the claim that the punitive damages must be set aside because they are excessive in relation to the actual damages, we see no merit to this argument in cases where only nominal damages are given.  If the amount of punitive damages must always depend on actual damages, it would follow that no punitive damages could be given in cases involving only nominal damages.  As just noted, this is clearly not the law.

**Goodwin v. Circuit Court of St. Louis County, Mo.**, **729 F.2d 541 (8th Cir. 1984)** (holding an award of $1,000 in punitive damages was not excessive where only nominal compensatory damages were awarded).

Finally, defendant cites no cases with facts similar to this one, against which the punitive damages award might be compared, and the Court declines to conduct defendant's research for him on this issue, given its view that the punitive damages award is reasonable.

6.   As pointed out by plaintiff, if a court determines that remittitur is appropriate, that remedy must be conditioned on offering plaintiff the opportunity to elect a new trial instead. **Hetzel v. Prince William County, Va.**, **523 U.S. 208 (1998)**.  The Court will, therefore, allow plaintiff to elect between a reduction of his compensatory damages award to the nominal sum of $1.00, and a new trial.  This election shall be filed within fourteen (14) days of the date of this Order.

**IT IS THEREFORE ORDERED** that defendant's **Motion For Judgment Notwithstanding The Verdict Or In The Alternative For Remittitur** (document #14) is **granted in part and denied in part.**

The motion is **granted** insofar as it sets aside the compensatory damages award of $10,000.00 in this matter, and plaintiff is allowed fourteen (14) days in which to file an election to either receive a compensatory damages award of $1.00, along with the punitive damages award of $5,000.00, or be granted a new trial.

The motion is **denied** in all other respects.

**IT IS SO ORDERED.**

**/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**