# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**JIMMY FINLEY, SR.**  PLAINTIFF

VS.  CASE NO. 05-5029

**JOHN FRY**  DEFENDANT

<u>**O R D E R**</u>

Now on this 5th day of May, 2006, comes on for consideration **Plaintiff's Documentation For Attorney's Fees And Costs** (document #16) and **Plaintiff's Amended Documentation For Attorney's Fees And Costs** (document #17), which the Court believes are presented in lieu of a motion for attorney's fees, and from said documents, and the response thereto, the Court finds and orders as follows:

1. Plaintiff, Jimmy Finley, Sr., brought suit against defendant John Fry pursuant to **42 U.S.C. §1983**, alleging that Fry violated his Fourth Amendment right to be free from unlawful searches when Fry searched Finley's motel room without a warrant, without consent, and without probable cause.

At trial, the jury returned a Verdict in favor of Finley, awarding him $10,000 in compensatory damages[1] and $5,000 in punitive damages.

The Court entered Judgment on the Verdict, and directed that should plaintiff desire to petition for an award of attorney's fees, such petition should be filed within fourteen days of the entry of judgment. The document now under consideration was filed

---

[1] Although the Court has entered an Order directing plaintiff to elect either a remittitur of the compensatory damage award to $1.00 or a new trial, this does not affect his entitlement to an award of attorney's fees and costs.

within that time period.

2. Defendant objects to the hourly rate charged in the fee request, suggesting that instead of $200/hour, the rate of $150/hour is reasonable. He also contests two items on the itemization.

3. Plaintiff's request for attorney's fees is authorized by **42 U.S.C. §1988,** which provides that the Court has discretion to award a reasonable attorney's fee to the prevailing party in a suit brought pursuant to **§1983.** Attorney's fees awarded under fee-shifting statutes are generally calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. **City of Burlington v. Dague, 505 U.S. 557 (1992).** The resulting figure is the "lodestar," and there is a strong presumption that the lodestar represents a reasonable attorney's fee.

What constitutes a reasonable hourly rate is determined by the prevailing rate, i.e., the ordinary rate for similar work in the community where the case has been litigated. **Moysis v. DTG Datanet, 278 F.3d 819 (8th Cir. 2002).** The party requesting the fee award bears the burden of substantiating the requested rate as well as the hours expended. **Hensley v. Eckerhart, 461 U.S. 424 (1983).**

Plaintiff does not offer any evidence as to the prevailing rate in the community for services similar to what were performed in this case. He simply shows a charge of $200/hour for his attorney's time. While this will not suffice, "courts may draw on their own experience and knowledge of prevailing market rates" in determining

a reasonable rate. **Warnock v. Archer**, **397 F.3d 1024 (8th Cir. 2005)**. This Court has had similar applications before it on other occasions and, based upon experience, is aware that $150.00 per hour is not an excessive rate for the type of attorney services provided in this case. The Court believes that is a reasonable hourly rate for the services of plaintiff's attorney in this case.

4. Defendant contests fifteen minutes itemized on February 23, 2005, for a telephone call between plaintiff's attorney and "Captain Riggs," contending that plaintiff does not show the necessity for this conversation. The Court will overrule the objection, believing it is not necessary for an itemization to demonstrate in every particular why an individual was called in connection with a case. Sometimes attorneys run down unfruitful leads, but the time is, nonetheless, devoted to the service of the client.

5. Defendant likewise contests four hours of attorney time on November 17, 2005, for drafting jury instructions, contending that it is excessive. The Court is not persuaded that the time spent is excessive, and the objection will be overruled.

6. Plaintiff shows documentation that 19.50 hours of attorney time were expended in preparation and trial of this matter. At the rate of $150.00 per hour, that totals $2,925.00, which the Court will award as attorney's fees.

Plaintiff also seeks to recover $20.00 for the work of a legal assistant, and $551.60 in costs. There is no objection to these charges, and they will be awarded in full.

**IT IS THEREFORE ORDERED** that **Plaintiff's Documentation For Attorney's Fees And Costs** (document #16) and **Plaintiff's Amended Documentation For Attorney's Fees And Costs** (document #17) are **granted,** and plaintiff is awarded attorney's fees and costs in the sum of Three Thousand Four Hundred Ninety-Six and 60/100 Dollars ($3,496.60).

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**